```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 1 1 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEITH GROUBERT
                            Plaintiff,

                 -v-                                     09 Civ. 00405 (AJN)

                                                     ORDER
CITY OF NEW YORK, et al.,

                            Defendants.
------------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

      On May 14, 2012, Defendants—as the prevailing parties in this matter—filed an application for the taxation of costs against Plaintiff Keith Groubert, seeking $17,515.40 in costs. (D.E. 80). Groubert objected to the taxation of costs, and the Clerk subsequently awarded a total of $8,548.70 in costs. (D.E. 81). Plaintiff now presents his objections to this Court, arguing that it would be inequitable to award Defendants any costs in this matter and that, even if some costs are awarded, the amounts Defendants have requested have not been adequately supported.

      A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself. *Wray v. City of New York*, No. 01-cv-4837, 2007 U.S. Dist. LEXIS 74457, at *1 (E.D.N.Y. Oct. 3, 2007) (quoting *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001)). Costs are typically awarded to the prevailing party as a matter of course, and the losing party therefore has the burden to show that costs should not be imposed. *Id.* at *1-2.

### I.    EQUITABLE CONSIDERATIONS

      Groubert argues that costs should not be assessed against him because he is indigent, having—at the time his objections were filed—savings in the amount of roughly $2,000 and expenses exceeding his income by roughly $400 per month. (Groubert Decl. ¶¶ 1-11). However, although some courts have declined to award costs upon a showing of indigence, *see,*

*e.g., Bilezikjian v. Baxter Healthcare Corp.*, No. 92-cv-9498, 1999 U.S. Dist. LEXIS 16037, at *6-7 (S.D.N.Y. Oct. 15, 1999); *Bekiaris v. United States*, No. 96-cv-302, 1998 U.S. Dist. LEXIS 16574, at *2-4 (S.D.N.Y. Oct. 19, 1998), there is no per se rule that costs may not or should not be taxed against an indigent party, *see Whitfield v. Scully*, 241 F.3d 264, 272-74 (2d Cir. 2001); *Wray*, No. 01-cv-4837, 2007 U.S. Dist. LEXIS 74457, at *2 (explaining that even indigence was not sufficient to overcome the usual rule of awarding costs to the prevailing party); *Commer v. McEntee*, No. 00-cv-7913, 2007 U.S. Dist. LEXIS 59298, at *7 (S.D.N.Y. Aug. 9, 2007) (explaining that even indigence does not preclude an award of costs); *Simpson v. Denardo*, No. 02-cv-1471, 2004 U.S. Dist. LEXIS 23810, at *3-5 (D. Conn. Nov. 22, 2004). In this case, the Court finds that, even considering Groubert's indigence, the equities do not merit a departure from the general rule that costs are awarded to the prevailing party and that taxation of some portion of the costs of this matter is appropriate. Nevertheless, the Court will consider Groubert's indigence in determining the amount of costs that should be taxed. *See Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08-cv-8786, 2010 U.S. Dist. LEXIS 99551, at *13 (S.D.N.Y. Sept. 22, 2010).

    Groubert also argues that it would be inappropriate to tax costs because he prosecuted this action in good faith, and because taxation of costs could chill other civil rights plaintiffs from bringing their claims. However, taxation of costs remains the general rule, and Groubert has not presented any particular chilling effect that would occur from following that rule in this case. *See Whitfield*, 241 F.3d at 272-73 (explaining that good faith, standing alone, does not require a district court to deny costs, and also rejecting an argument that any deterrent effect of assessing such costs unconstitutionally impinges on the right of access to the courts); *Wray*, No. 01-cv-4837, 2007 U.S. Dist. LEXIS 74457, at *3-4 (noting the other substantial protection

available to civil rights plaintiffs against the financial consequences of an unsuccessful action). Again, however, the Court will consider Groubert's good faith and this possible chilling effect in determining the precise amount of costs that should be awarded.

## II. ITEM-SPECIFIC OBJECTIONS

Groubert objects to the taxation of costs for Defendants' receipt of daily trial transcripts. Such costs are taxable only if "necessarily obtained" for the conduct of the trial. *See Hamptons Locations, Inc. v. Rubens*, No. 01-cv-5477, 2010 U.S. Dist. LEXIS 91049, at *11-15 (E.D.N.Y. Sept. 2, 2010); *John G. v. Board of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995). The Court concludes that, although these transcripts were useful in sending the witnesses' testimony to the jury, this was not a particularly complicated or lengthy trial and these transcripts were not "necessary" to prosecute the case. *See Ferrostaal, Inc. v. M/V TUPUNGATO*, No. 03-cv-4885, 2008 WL 2796644, at * 1 -2 (S.D.N.Y. July 17, 2008). As such awarding costs for these transcripts is not appropriate.[1] Moreover, the Court finds that in light of Groubert's indigence and his good faith in bringing this matter, assessing close to $6,000 for these materials would be unduly punitive and inequitable.

Groubert also objects to the clerk's award of $1,524.00 for service of process. (Obj. at 9). Defendants present no argument justifying the amount of these particular costs, and the exhibits submitted in support of Defendants' process server expenses suggest that this amount includes money expended not merely to serve process, but also to investigate and locate witnesses, among other things. As such, the Court will tax costs only for items which, on their

---

[1] Defendants argue that Groubert waived his arguments on costs because, although he submitted a timely written objection, his counsel did not appear before the clerk. Defendant cites no authority for the proposition that a written objection is waived if the plaintiff does not appear before the clerk and, according to Groubert's counsel, she was specifically informed she need not appear before the clerk. (Reply at 3).

face, appear to be associated the actual service of process, in the amount of $759.00.[2] *See* Local Rule 54.1(c)(10) (allowing taxation of costs for the "reasonable and actual fees ... [of a] process server); *Chen v. City of Syracuse*, No. 06-cv-1143, 2009 U.S. Dist. LEXIS 52975, at *2-3 (N.D.N.Y June 22, 2009); *Kingvision Pay-Per-View Ltd. v. Rodriguez*, No. 06-cv-4314, 2007 WL 2262644, at *4 (S.D.N.Y. June 20, 2007).

Finally, Groubert speculates that Defendants obtained an extra copy of Groubert's deposition transcript because "it is standard industry practice to provide two copies (in addition to the original)" and argue that the clerk's award of $946.80 should be reduced to $647.76. (Obj. at 11). The invoice Defendant has submitted does not suggest that he was charged for obtaining an extra transcript (D.E. 80-9), and the Court will not reduce these costs on the basis of Plaintiffs' speculation.

## CONCLUSION

Costs to Defendants are awarded in the amount of $1,951.10. Based on Grobert's indigence, the Court stays execution of the bill of costs for 30 days from the date of this decision so that the parties can stipulate to a payment plan that recognizes Groubert's current financial situation and Defendants' right to be paid in the future when Groubert is able to do so. *See Wray*, No. 01-cv-4837, 2007 U.S. Dist. LEXIS 74457, at *4-5 (following a similar course and noting that "[t]he parties are urged to resolve this consensually as further intervention by the Court may be satisfactory to neither side.").

SO ORDERED:

Dated: September 11, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[2] This amount is derived from the following amounts reflected in Docket Entry 80-8: $72.00 and $132.00 on February 29, 2012; $102.00, $72.00, and $132.00 on March 20, 2012; $171.00 on March 27, 2012; and $78.00 on March 29, 2012.